UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, <br><br>    Plaintiff, <br><br>    v. <br><br> TIAN STRONG, <br><br>    Defendant. | No. 2:17-cv-01774 CKD P <br><br><br> ORDER |

Plaintiff is a state civil detainee proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint is now before the court for screening.

Plaintiff has filed a motion for leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his motion will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

////

**II. Complaint**

Plaintiff is a civil detainee at California State Prison-Sacramento ("CSP-Sac") where the events giving rise to this action occurred.[1] In the complaint he alleges that Officer Strong had another officer who is not a defendant tried to violently remove plaintiff from his cell on August 21, 2017. ECF No. 1 at 3. Plaintiff also alleges that defendant Strong "has made several malicious attempts to have plaintiff assaulted by other officers out of retaliation…." ECF No. 1 at 3. In a further effort to retaliate against plaintiff and to try to prevent plaintiff from pursuing a civil rights complaint, plaintiff alleges that defendant Strong has tampered with his legal and regular mail. Id. at 4. Plaintiff also alleges that defendant Strong removed plaintiff's single cell status on August 21, 2017 which placed him in danger due to his status as a civil detainee. Id. at 5. By way of relief, plaintiff requests that he be terminated from CDCR and released to the community. Id. at 6.

**III. Analysis**

The majority of plaintiff's complaint is focused on defendant's attempts to convince other officers, who are not named as defendants in this action, to physically harm plaintiff.[2] The Civil Rights Act under which this action was filed provides as follows:

---

[1] While it is not clear from the complaint how or why plaintiff is housed at CSP-Sac as a civil detainee, the court notes that plaintiff is entitled to conditions of confinement that are not punitive in nature since he has not been convicted of a crime. See Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004). Civil detainees are entitled to a higher level of constitutional protection than other prisoners. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982) (emphasizing that "[i]f it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions."); see also Bell v. Wolfish, 441 U.S. 520, 535 (1979) (pretrial detainees retain greater liberty protections than individuals detained under criminal process).

[2] Since plaintiff is a civil detainee, an excessive force claim would properly be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel and unusual punishment clause. See Hydrick v. Hunter, 500 F.3d 978, 997 (9th Cir. 2007) (stating that "[w]hile excessive force claims by prisoners are reviewed under the Eighth Amendment's malicious and sadistic standard, the more generous Fourteenth Amendment standard applies to those who are civilly confined.") (internal citation omitted), summarily reversed on other grounds by Hunter v. Hydrick, 556 U.S. 1256 (2009); see also Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001) (concluding that an excessive use of force claim brought by civilly committed detainee "should be evaluated under the objective reasonableness standard usually applied to excessive force claims brought by pretrial detainees.").

3

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Here, plaintiff's allegations of defendant's participation are entirely conclusory and therefore fail to state a claim for relief.

Furthermore, it is not clear from the complaint whether plaintiff is alleging that defendant tampered with his mail as an act of retaliation or as a punitive sanction. If plaintiff is alleging retaliation, he must establish that defendant took some adverse action against him (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal . Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). Here, plaintiff's complaint does not allege any chilling effect from defendant's conduct. Therefore, the complaint fails to state a First Amendment retaliation claim.

Based on his status as a civil detainee, any restrictions on plaintiff's First Amendment right to send and receive mail must be non-punitive. Jones, 393 F.3d at 932. In order to allege that punitive restrictions exist, plaintiff must assert that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods. Jones, 393 F.3d at 932; Bell, 441 U.S. at 539. Plaintiff's complaint does not allege that the restrictions

on his mail were intended as punishment. Accordingly, he has failed to state a claim for a First Amendment violation.

Additionally, the relief plaintiff seeks is not available in a civil rights lawsuit pursuant to 42 U.S.C. § 1983. The exclusive method for challenging the fact or duration of plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see also 28 U.S.C. § 2254(a). Nor may plaintiff invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the state's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81–82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying Heck to SVPA detainees with access to habeas relief).

For all these reasons, plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. Plain Language Summary for Pro Se Party

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read your complaint and concluded that it does not state a claim against defendant Strong. However, the problems with your complaint may be fixable so you are being given the chance to file an amended complaint within 30 days of this order. Should you decide to try again, pay careful attention to the problems described in this order and how they can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

/////

/////

6

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 5, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hill1774.14.new.docx